TONYA S. MARTIN, Individually and as     \*     IN THE
Personal Representative of the
Estate of ROBERT SUMMERS     \*     CIRCUIT COURT
22805 Goddard Court, #48
Leonardtown, Maryland 20650     \*     FOR

and     \*     BALTIMORE CITY

S███████ S███████, a Minor, by his Mother     \*
and Next Friend, LORIKEET SPENCE
1608 Pittsfield Lane     \*     Case No.: _____
Bowie, Maryland 20716

    \*

and     \*

C█████ S███████, a Minor, by his Mother     \*
and Next Friend, LASHAUNTAY YELDELL
800 Kenilworth Avenue, N.E., Apt. 116     \*
Washington, D.C. 20019

    \*

and     \*

JA████ S███████, a Minor, by his Mother     \*
and Next Friend, LASHAUNTAY YELDELL
800 Kenilworth Avenue, N.E., Apt. 116     \*
Washington, D.C. 20019

    \*

      *Plaintiffs*     \*

v.     \*

    \*

WEXFORD HEALTH SOURCES, INC.,
a body Corporation     \*

**SERVE:** Resident Agent     \*
CSC – Lawyers Incorporating Service Co.
7 St. Paul Street, #820     \*
Baltimore, Maryland 21202

    \*
      *Defendant*
    \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

1

## COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiffs, Tonya S Martin, Individually and as Personal Representative of the Estate of Robert Summers; S███████S████, a minor, by his mother and next friend, Lorikeet Spence; C███S████████ a minor, by his mother and next friend, Lashauntay Yeldell; and J████ S███████, a minor, by his mother and next friend, Lashauntay Yeldell, by their attorneys, Paul D. Bekman and Bekman, Marder & Adkins, L.L.C., and Samuel M. Shapiro file this Statement of Claim against the Defendant, Wexford Health Sources, Inc., and state:

### Jurisdiction

1. The amount of this claim exceeds Twenty Five Thousand Dollars ($25,000.00).

2. The venue for this claim is proper in Baltimore City, Maryland.

3. A Statement of Claim was filed with the Health Claims Arbitration Office as required under Maryland law, and arbitration of the claim was waived by the Plaintiff pursuant to § 3-2A-06B(b) of the Courts and Judicial Proceedings Article. The Statement of Claim, Election to Waive Arbitration and Certificate of Qualified Expert are attached as Exhibit 1 respectively.

### The Defendants

4. Upon information and belief, since July 1, 2012, the Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford"), has had a contract with the State of Maryland Department of Public Safety and Correctional Services ("DPSCS") to provide medical care and treatment and utilization management services for all inmates in Maryland DPSCS correctional facilities including, but in no way limited to, Maryland Reception, Diagnostic and Classification Center, Maryland Correctional Institution – Jessup, Central Maryland Correctional Facility, and Maryland Correctional Institution – Hagerstown.

2

5.      Upon information and belief, since July 1, 2012, Wexford has been responsible for providing Maryland DPSCS inmates with comprehensive medical and other related services and, in such capacity, Wexford, its agents, servants and/or employees, medical and administrative staff and consultants, held themselves out as practicing ordinary standards of medical, hospital, radiologic, oncologic, surgical, nursing, and pathologic care and, as such, owed a duty to the decedent, Robert Summers, to render and provide health care within the ordinary standards of medical, surgical, hospital, and nursing care, and to exercise reasonable skill and care in the selection of its personnel to provide competent physicians, physician assistants, surgeons, technicians, nurses, radiologists, oncologists, pathologists and other medical and administrative personnel, possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practices of medicine and surgery, and to supervise and provide its patients with diagnostic and medical services and treatment commensurate with the condition from which the patient suffers and for which patient came under the care of Wexford.

6.      At all times hereinafter set forth, the following individuals were acting as agents, servants and employees of Wexford and were acting within the scope of their employment. Susann Galloway, P.A., Prince Talo, R.N., Linda Arobieke, R.N., Virendra Chhunchha, M.D., and said individuals, held themselves out to Robert Summers and to the general public as experienced, competent and able physician's assistants, physicians and nurses possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote their time and attention to the treatment of inmates while incarcerated.  They had a duty to Robert Summers to render that degree of care and treatment which is ordinarily rendered to those

3

who devote special study and attention to the practice of medicine and nursing in the correctional system setting.

## Agency / Employment

7.     At all times herein set forth, all Defendants who provided medical care and treatment to Robert Summers while he was incarcerated at the Maryland Reception, Diagnostic and Classification Center (MRDCC) were agents and/or apparent agents of Wexford and as such, Wexford is legally responsible for the actions and inactions of those Defendants.

8.     At all times herein set forth, all Defendants who provided medical care and treatment to, or provided medical assessments of, Robert Summers while he was incarcerated at any Maryland DPSCS correctional facilities including, but in no way limited to, Susann Galloway, P.A., Prince Talo, R.N., Linda Arobieke, R.N., Virendra Chhunchha, M.D., as well as all others who were responsible for Robert Summers' medical care throughout his incarceration, and all of their agents, servants, and employees, were agents and/or apparent agents of Wexford and as such, Wexford is legally responsible for the actions and inactions of all such individuals.

## Facts

9.     On September 1, 2010, Robert Summers came under the custody of the DPSCS, where he remained an inmate until his death on March 14, 2014.

10.     During the course of Robert Summers' incarceration at the MRDCC, all medical care was provided by Wexford and its agents, employees, servants, and/or apparent agents, and they were responsible for providing all necessary medical care and treatment to him.

11.     In January of 2014 Robert Summers was transferred to the MRDCC located at 550 E. Madison Street, Baltimore, Maryland 21202. Beginning on March 11, 2014, Mr. Summers was assessed by Susann Galloway, P.A. It was noted that a nurse had seen him earlier

4

and noted a low pulse oxygen reading of 91 to 95 percent. This information was charted and the complaints of Mr. Summers were that he had a tight chest, he felt tired, he felt hot, he felt weak, and was in need of treatment. Prince Talo, R.N. referred him to the Medical Clinic at the MRDCC. Mr. Summers was having a hard time breathing and was seen in the Medical Unit. He was noted as having positive wheezing and was given two nebulizer treatments after two big coughs. At that time the plan was to order a chest x-ray to rule out pathology. No chest x-ray was ever performed, even though it was ordered at 3:43 p.m. on Tuesday, March 11, 2014. Mr. Summers saw Dr. Virendra Chhunchha at approximately 7:32 p.m. on March 11 and his pulse ox was still low, at 91 percent. He was returned to his cell and advised that if he did not get better he would go to a physician appointment on March 12. His condition did not improve. No action was taken to treat him on March 12 or March 13. On March 14, 2014 at approximately 8:15 a.m. Prince Talo, R.N. was making rounds and Mr. Summers again stated that he was not feeling well. It was decided to move Mr. Summers to the Medical Clinic. At approximately 9:45 a.m. the Medical Unit called and Mr. Summers was vomiting and not feeling well. The officer in his cell block was told to send Mr. Summers down to the Medical Unit. At approximately 1:50 p.m. Linda Arobieke, R.N. went to his unit to give control medication to another inmate and while there Officer Dukes asked her to see Mr. Summers. The officer opened the small window and observed the inmate sitting on the toilet seat saying, "I don't feel good. I asked the officer to bring me to the Medical Clinic since morning, but they refused." Linda Arobieke, R.N. used the pulse ox equipment that was with her to check the oxygen saturation, which was low, as well as his pulse. She told the officer to bring him to the Medical Clinic for evaluation. Mr. Summers continued to vomit. A note was made in the record that a twenty-nine year old black male complaining of pain upon deep breath states that when he coughed it was blood tinged. When

5

asked to produce sputum he could not. There is a note that the chest x-ray was ordered yesterday, but in fact it was ordered three days before. He was given Compazine, 10 milligrams, Bactrim and Motrin. His pulse ox was 96 percent. At 2:29 p.m. a medical emergency was called to Unit 5B. The inmate was in an elevator in a wheelchair unresponsive. He was rushed to the Sick Room. His oxygen saturation was 93 percent. He had an elevated heartrate of 136. He was placed on the floor and CPR was started at approximately 2:38 p.m. At approximately 3:31 p.m. Dr. Virendra Chhunchha was brought to the scene. The patient was in the Medical Unit lying flat on the floor with urinary incontinence. There was no palpable pulse or spontaneous respiration noted. A code was called at 2:55 p.m. when paramedics came and took over CPR. Mr. Summers was removed from the Medical Unit at about 3:00 p.m. He was taken to Johns Hopkins Emergency Room where he was pronounced at 3:35 p.m.

## COUNT I
### Medical Negligence – Survival Action

12.     Defendants, Wexford Health Sources, Inc., through its agents, servants and employees, directly and by and through their actual and apparent agents and employees, were responsible for properly investigating, assessing, recognizing, diagnosing and initiating appropriate treatment in response to Mr. Summers' complaints and condition.

13.     Defendants, Wexford Health Sources, Inc., through its agents, servants and employees, directly breached their duty of care to Mr. Summers and were negligent and careless in that they:

       a.   Failed to timely and properly respond to Mr. Summers' ongoing complaints on

           March 11, 2014.

6

b. Failed to timely order appropriate testing for the purpose of assessing Mr. Summers' condition.

c. Failed to timely order appropriate consultations for the purpose of assessing Mr. Summers' condition.

d. Failed to insure that the studies and consultations ordered for Mr. Summers occurred timely.

e. Failed to review Mr. Summers' prior health records and orders.

f. Failed to timely perform an x-ray, d-dimer, CT scan and/or assess the likelihood of a pulmonary embolism.

g. Failed to timely diagnose, recognize, follow and treat Mr. Summers' repeated complaints about shortness of breath, low oxygenation and difficulty breathing.

h. Failed to diagnose Mr. Summers' life-threatening condition.

i. Failed to recommend further testing to follow-up for Mr. Summers.

j. And was otherwise, careless, reckless and negligent.

14.     As a direct result of the negligence of the Defendants, Mr. Summers was caused to suffer physical injury and pain, painful, debilitating, expensive, time consuming and emotional injury, trauma, mental distress, anguish and pain, economic damages and other related harms prior to his death on March 14, 2014.

15.     If Mr. Summers condition had been timely identified and treated within the standard of care, Mr. Summers would have effectively been treated and would have survived.

7

WHEREFORE, Plaintiff, Tonya S Martin, Individually and as Personal Representative of the Estate of Robert Summers, claim damages against the Defendant in an amount exceeding the jurisdictional limit of thirty thousand dollars ($30,000.00) to be determined by a jury.

## COUNT II
## Medical Negligence – Wrongful Death Action

16.     Plaintiff, Tonya S. Martin, is the mother of R█    S█        and is a statutory wrongful death beneficiary.

17.     Plaintiff, S█        S█      is the son of Robert Summers and is a statutory wrongful death beneficiary.

18.     Plaintiff, C█   S█       , is the daughter of Robert Summers and is a statutory wrongful death beneficiary.

19.     Plaintiff, J█   S█        , is the daughter of Robert Summers and is a statutory wrongful death beneficiary.

20.     As a direct and proximate result of the negligence of the Defendants, all of the individual wrongful death beneficiaries suffered severe mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, guidance, training, services and support, which Robert Summers rendered while alive and would have and continued to render, had he continued to live.

21.     As a direct result of the negligence of the Defendants which resulted in the death of Robert Summers, compensation is claimed on behalf of all statutory wrongful death beneficiaries for all past, present and future losses which they have sustained and will in the future sustain.

WHEREFORE, Plaintiffs, Tonya S Martin, Individually and as Personal Representative of the Estate of Robert Summers, deceased; S█████ Sp█████ minor, by his mother and next friend, Lorikeet Spence; C███ S█████ a minor, by his mother and next friend, Lashauntay Yeldell; and Ja███ S█████ a minor, by his mother and next friend, Lashauntay Yeldell, claim damages against the Defendants in an amount exceeding the jurisdictional limit of thirty thousand dollars ($30,000.00) to be determined by a jury.

PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN, MARDER
& ADKINS, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633
bekman@bmalawfirm.com

SAMUEL M. SHAPIRO
Samuel M. Shapiro, P.A.
200 Monroe Street, Suite 233
Rockville, Maryland 20850
301-340-1333
rogah@aol.com

*Attorneys for Plaintiffs*

TONYA S. MARTIN, Individually and as      \*     IN THE
Personal Representative of the
Estate of ROBERT SUMMERS         \*     CIRCUIT COURT
22805 Goddard Court, #48
Leonardtown, Maryland 20650        \*     FOR

  and                              \*     BALTIMORE CITY

S▮▮▮▮▮▮ S▮▮ a Minor, by his Mother    \*
and Next Friend, LORIKEET SPENCE
1608 Pittsfield Lane                     \*     Case No.: _____
Bowie, Maryland 20716

                                               \*

  and                              \*

C▮ S▮▮▮▮▮ , a Minor, by his Mother    \*
and Next Friend, LASHAUNTAY YELDELL
800 Kenilworth Avenue, N.E., Apt. 116    \*
Washington, D.C. 20019

                                                 \*

  and                              \*

J▮▮▮▮ S▮▮▮▮ , a Minor, by his Mother    \*
and Next Friend, LASHAUNTAY YELDELL
800 Kenilworth Avenue, N.E., Apt. 116    \*
Washington, D.C. 20019

                                                 \*

        *Claimants*                   \*

v.                                     \*

WEXFORD HEALTH SOURCES, INC.,      \*
a body Corporation

**SERVE**: Resident Agent                  \*
CSC – Lawyers Incorporating Service Co.
7 St. Paul Street, #820                      \*
Baltimore, Maryland 21202

                                                 \*

        *Health Care Provider*

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## PRAYER FOR JURY TRIAL

MR. CLERK:

    Plaintiffs hereby pray to have a trial by jury on all claims.

PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN, MARDER
  & ADKINS, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633
bekman@bmalawfirm.com

SAMUEL M. SHAPIRO
Samuel M. Shapiro, P.A.
200 Monroe Street, Suite 233
Rockville, Maryland 20850
301-340-1333
rogah@aol.com

*Attorneys for Claimants*

2

## CERTIFICATE OF REDACTION

I HEREBY CERTIFY that this Complaint and Prayer for Jury Trial does not contain any

restricted information.

PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN, MARDER
& ADKINS, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633
bekman@bmalawfirm.com

SAMUEL M. SHAPIRO
Samuel M. Shapiro, P.A.
200 Monroe Street, Suite 233
Rockville, Maryland 20850
301-340-1333
rogah@aol.com

*Attorneys for Plaintiffs*

10